IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-158-D |
| ) | |
| STEVEN K. MORGAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Steven Morgan's motion for early termination of supervised release [Doc. No. 23]. The United States filed a response in opposition [Doc. No. 26].

## BACKGROUND

On September 27, 2016, Defendant pleaded guilty to money laundering and making a false statement to a bank. [Doc. No. 4]. Defendant was sentenced to 42 months incarceration, which was to be followed by three years of supervised release. [Doc. No. 20]. The Court also ordered Defendant to pay restitution in the amount of $778,338.94. *Id.*

Defendant was released to home confinement on November 21, 2019, and his three-year term of supervised release on May 24, 2020 [Doc. No. 23]. During his term of supervised release, Defendant has completed community service, cared for his grandson, and retained employment. He also has not missed a restitution payment or violated any condition of his supervised release.

**DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release. The statute provides in pertinent part:

> The court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

In determining whether termination of supervised release is appropriate, the Court must consider some of the factors set forth in § 3553(a). *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011). "Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2011). According to Fed. R. Crim. P. 32.1(c)(2)(B), a hearing is generally required before a court may modify the conditions of supervised release. But, by the plain language of Rule 32.1(c), "a hearing is not required if the district court denies a defendant's motion to modify the conditions of supervised release." *United States v. Insaulgarat*, 280 F. App'x 367, 368 (5th Cir. 2008) (unpublished) (citing *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003)).

The government opposes Defendant's request. Supervised release is part of the penalty for Defendant's offense. *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006). One of its purposes is to "provide rehabilitation and oversight of the offender to deter their return to crime." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010). That Defendant has complied with the terms of his supervised release to date does

not, without more, warrant early termination because compliance with the terms is "what is expected." *Id.* (citing *United States v. McKay,* 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005). A defendant's post-incarceration compliant conduct "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998).

After considering the relevant § 3553(a) factors, the Court is not persuaded early termination of Defendant's term of supervised release is warranted. The nature of the offenses Defendant committed are serious; Defendant submitted nearly $1.8 million in fraudulent purchase orders to obtain loans from McClane Bank. PSR ¶ 18 [Doc. No. 14] In total, he received $1,567,650 in fraudulent loans. *Id.* The victim company, Defendant's former employer, estimated it would take 10 to 20 years to repay the loans. *Id.* at ¶ 21a. Given these offenses, an early termination of Defendant's supervised release would not reflect their seriousness, promote respect for the law, or adequately deter criminal conduct.

Further, Defendant's restitution obligation is substantial; he currently owes $751,413. The government represents that, at this point, Defendant's supervision is minimal, consisting mostly of credit checks and reviews of his bank statements. These measures ensure Defendant's compliance with his restitution obligation. Although Defendant has not yet missed a payment, the Court finds that he would benefit from further supervision. Considering the minimal burden imposed on Defendant by his current supervision and the relevant § 3553(a) factors, the Court finds that an early termination of supervised release is not warranted by Defendant's conduct or the interest of justice.

**IT IS THEREFORE ORDERED** that Defendant Steven Morgan's motion for early termination of supervised release [Doc. No. 23] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge